IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Sarah Alisha Salmonsen, | ) | C/A No.: 2:22-cv-3215-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | **(Jury Trial Demanded)** |
| Wal-Mart Stores East, L.P. d/b/a Walmart Supercenter #632, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Sarah Alisha Salmonsen ("Plaintiff"), by and through her undersigned attorneys and complaining of Defendant Wal-Mart Stores East, L.P. d/b/a Walmart Supercenter #632 ("Defendant"), would allege and show unto this Honorable Court as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      This is a civil action for damages arising out of an incident that occurred on May 11, 2020 at Walmart Supercenter #632, located at 1481 North Highway 17, Mount Pleasant, Charleston County, South Carolina (the "subject premises"), wherein Defendant's employee negligently attempted to remove a bicycle from an elevated bicycle rack, causing the bicycle to fall and amputate Plaintiff's toe (the "subject incident").

2.      Plaintiff is a citizen and resident of Charleston County, South Carolina.

3.      Defendant is a limited partnership organized and existing pursuant to the laws of the State of Delaware with its principal place of business in the State of Arkansas.  At all times relevant hereto, Defendant owned and operated the subject premises, which is located in Charleston County, South Carolina.

1

4. This Court has personal jurisdiction over Defendant as it purposefully availed itself of the privilege of conducting business and other activities in this District, specifically in that it was actively engaged in business directly relating to the subject incident.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as there is complete diversity among the parties and Plaintiff's damages exceed Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs.

6. Pursuant to 28 U.S.C. § 1332(b) and Local Civil Rule 3.01(A)(1), venue is proper in the Charleston Division because the most substantial part of the acts or omissions giving rise to this claim occurred in Charleston County, South Carolina.

## FACTS

7. On May 11, 2020, Plaintiff was an invitee and patron at the subject premises who was looking to purchase a bicycle.

8. Plaintiff saw a bicycle that she was interested in and asked the nearest employee of Defendant to remove the bicycle from the elevated bicycle rack.

9. Defendant's employee responded that Plaintiff could remove it herself; however, Plaintiff stated to Defendant's employee that she did not feel comfortable removing it herself because she did not know how to operate the bicycle rack.

10. Defendant's employee thereafter agreed to remove the bicycle from the bicycle rack.

11. Plaintiff stood away and allowed Defendant's employee to remove the bicycle from the bicycle rack.

12. Defendant's employee negligently and carelessly attempted to remove the bicycle from the bicycle rack, never having full control over the bicycle.

13. Due to Defendant's employee's negligence in removing the bicycle from the bicycle rack, the bicycle fell and crashed to the ground.

14. As the bicycle fell from the bicycle rack, the edge of the left handlebar of the bicycle landed directly onto Plaintiff's fourth toe on her right foot, completely severing the toe from Plaintiff's foot.

15. Plaintiff's toe was unable to be reattached to her foot.

16. As an employee acting within the course and scope of his employment at all times relevant hereto, Defendant is vicariously liable for all acts and omissions of its employee pursuant to the doctrine of *respondeat superior*.

17. At all times relevant hereto, Plaintiff acted in a safe, prudent, and reasonable manner and in no way contributed to her injuries.

18. The subject incident directly and proximately caused Plaintiff to suffer significant personal injuries, including but not limited to dismemberment, severe nerve damage that limits and will permanently limit the feeling and range of motion of the right lower extremity, and significant neuropathic pain in her right lower extremity.

19. Plaintiff has and will in the future continue to experience great physical pain and suffering, scarring, mental anguish, and loss of enjoyment of life.

20. As a direct and proximate result of the subject incident and Plaintiff's injuries, Plaintiff has and will continue to incur medical expenses.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence/Gross Negligence/Recklessness/*Respondeat Superior*)**

21. Plaintiff realleges and reavers the foregoing paragraphs as if set forth fully herein.

22. Plaintiff was an invitee of Defendant at all times relevant hereto.

23. Defendant, through the acts and omissions of its employee, was negligent, grossly negligent, and reckless in the following particulars:

    a. failing to remove the bicycle from the bicycle rack in a safe and cautious manner;

    b. failing to properly operate the bicycle rack such that the bicycle could be removed safely;

    c. failing to obtain and/or maintain proper control over the bicycle during its removal from the bicycle rack;

    d. failing to provide reasonable warning to Plaintiff of the danger posed by removal of the bicycle from the bicycle rack, about which Defendant was aware but Plaintiff was not;

    e. acting with conscious disregard for the safety of its patrons, including Plaintiff; and

    f. committing such other and further acts and omissions as discovery may reveal and the evidence at trial may show.

24. Defendant is vicariously liable for the acts and omissions of its employee pursuant to the doctrine of *respondeat superior*.

25. As a direct and proximate result of Defendant's employee's negligent, grossly negligent, and reckless acts as set out above, Plaintiff has sustained and will in the future sustain, and is entitled to recover, the following damages:

    a. physical pain;

    b. dismemberment, disfigurement, and permanent impairment;

    c. suffering;

    d. mental anguish;

    e. emotional distress;

    f. past and future medical bills;

    g. permanent injuries;

      i.      lost wages and loss of future earning capacity; and

      j.      other damages that will be shown at trial.

26. Due to the negligent, grossly negligent, and reckless acts of Defendant's employee as set out above, Plaintiff is entitled to an award of punitive damages against Defendant, as determined by a jury.

27. Plaintiff is entitled to an award of prejudgment interest on her liquidated damages against Defendant.

WHEREFORE, having fully pleaded against Defendant, Plaintiff respectfully prays that the Court enter judgment against Defendant for all actual, consequential, and incident damages caused by Defendant's acts and omissions; for punitive damages, for prejudgment interest on her liquidated damages; for the costs of this action; and for such other and further relief as the Court deems just and proper.

**YARBOROUGH APPLEGATE, LLC**

s/ David B. Yarborough, Jr.
David B. Yarborough, Jr. (Fed ID No. 7336)
John J. Dodds, IV (Fed ID No. 12646)
291 East Bay Street, Second Floor
Charleston, South Carolina 29401
(843) 972-0150 (office)
(843) 277-6691 (fax)
david@yarboroughapplegate.com
john@yarboroughapplegate.com
-and-
Philip A. Berlinsky (Fed ID No. 12831)
Berlinsky & Ling, LLC
2971 West Montague Avenue, Suite 201
North Charleston, South Carolina 29418
(843) 884-0000 (office)
(843) 804-9503 (fax)
philipalanlaw@aol.com

*Attorneys for Plaintiff*

September 21, 2022
Charleston, South Carolina